Danny Lamar Richardson, the appellant, was convicted by a Montgomery County jury of robbery in the first degree in violation of Code of Alabama 1975, § 13A-8-41. As a recidivist, he was sentenced to life imprisonment without parole. On appeal, he raises two issues: *Page 1248 
 I
First, Richardson contends that the court committed prejudicial error in denying his request for a continuance so that he could acquaint his newly retained lawyer with his case. The facts indicate that appellant Richardson was indicted by the October 1984 term of the Montgomery County grand jury for robbery in the first degree. Honorable Harry H. Perdue, Jr., was appointed by the court to defend him, was present at Richardson's preliminary hearing, and represented him at his arraignment on November 19, 1984, at which time he pleaded not guilty and not guilty by reason of insanity. The state filed a motion on November 29, to transfer the case from Judge Kennedy's docket to Judge Gordon's docket, Gordon having handled previous cases in which Richardson was the defendant. On December 10, this motion was granted by Judge Kennedy and the case was set for trial on December 20, 1984. In argument, counsel for the appellant states that "the transcript states that the court made the defendant aware that this attorney was hired to represent him on the trial of the case and in fact had only been retained by the defendant's family on the morning of trial." Richardson stated that he wanted the Honorable Elno A. Smith, Jr. to represent him and not Mr. Perdue, who had been appointed by the court. Mr. Perdue stated that he had had several conversations with Richardson, mentioning several telephone calls from the penitentiary. Richardson first stated that his appointed lawyer had not talked to him, but then later stated that he had called him one time and had been given the "run around." The case proceeded to trial on December 20, 1984, and resulted in a jury verdict of guilty of robbery in the first degree. Sentencing was done the following day. Mr. Perdue gave notice of appeal. At that time, the Honorable John Oliver Cameron was appointed to represent Richardson. After that date, appellant Richardson retained Mr. Smith to represent him as appellate counsel.
We are familiar with Gandy v. State, 569 F.2d 1318, 1323 (5th Cir. 1978), in which the court was faced with a situation where retained counsel desired a continuance in order to allow him to participate in another case. The facts of the Gandy case do not line up with the facts in this case at all. This case was a last minute, morning of trial, employment of counsel situation. Whether the proposed change of lawyers was intended simply to secure a delay, we can only speculate. Certainly Richardson knew that he had four prior felonies and that he was charged with a class A felony.
This is not a case where there is a disparity in the caliber of counsel. Harry H. Perdue, Jr. is an experienced, skillful, and effective criminal defense trial counsel. Likewise, Elno A. Smith, Jr. is an experienced, skillful, and effective criminal defense trial counsel. Each has over 20 years' experience in his chosen field. Mr. Perdue offered to move for a continuance and, with the court's permission, to withdraw from the case so that Mr. Smith might try the case. The court observed, and it appears uncontradicted, that Mr. Perdue was prepared to try the case and that Mr. Smith was not, having just been retained.
In general, motions for continuances in criminal cases are matters within the discretion of the trial court. King v.State, 435 So.2d 769 (Ala.Cr.App. 1983). The measure of impropriety which must be shown by an appellant to hold the court in error for denial of a motion for continuance of a criminal trial is gross abuse. The right to choose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. Tate v. State, 346 So.2d 515, 521
(Ala.Cr.App. 1977).
Under these conditions, we have no difficulty in holding that the court did not abuse its discretion in denying the motion for continuance and proceeding to trial with appointed counsel who was already prepared to try the case. *Page 1249 
Appellant was not deprived of effective assistance of counsel and it is not argued that court appointed counsel was ineffective. The court may have suspected, as did the court inUnited States v. Sexton, 473 F.2d 512 (5th Cir. 1973), that the motion was interposed for delay.
 II Richardson next contends that the jury's verdict of guilty of robbery in the first degree was inconsistent with the law and the evidence, because he contends he was not armed. Section13A-8-41 provides: "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
 (1) Is armed with a deadly weapon or dangerous instrument; or
(2) Causes serious physical injury to another.
 (b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
 (c) Robbery in the first degree is a Class A felony."
The facts indicate that Richardson entered a Kwik-Shop in Montgomery around 12:45 a.m. on August 28, 1984. The clerk, William Patrick Tranum, an eyewitness to the entire event, observed him to walk around until no one else was in the store except the two of them. Then appellant approached the cash register and told the clerk to get out of the way or he would be hurt. Tranum stated that he did not actually see a weapon, but there was a bulge at the waistband of appellant's pants which appellant kept patting and which the clerk believed was a gun. As appellant pulled certain money out of the cash register, a camera was activated and began taking pictures of the appellant robbing the Kwik-Shop, and these pictures were introduced into evidence. He took an amount in excess of $250 and fled the store.
Appellant contends that the state failed to prove he was armed at the time the robbery was committed. The statute provides, and we have consistently held, that it is not necessary to prove that an accused person displayed a gun during a robbery or that he actually had a gun in his possession in order to sustain a conviction for robbery in the first degree. James v. State, 405 So.2d 71 (Ala.Cr.App. 1981);Miller v. State, 431 So.2d 586 (Ala.Cr.App. 1983); Stewart v.State, 443 So.2d 1362 (Ala.Cr.App. 1983). In James v. State, at page 73, we stated:
 "[I]n order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation."
The clerk's testimony was uncontroverted. The jury was justified in finding him guilty under § 13A-8-41 (b), Code of Alabama 1975, robbery in the first degree. This case is due to be affirmed.
AFFIRMED.
All the Judges concur.