McMILLAN, Judge.
The appellant was found guilty of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975), and was sentenced to life imprisonment without parole pursuant to the Habitual Felony Offender Act.
I
The appellant argues that the State failed to prove a prima facie case of robbery in the first degree. He argues that, although the State presented the testimony of four eyewitnesses, they all testified that they were able to view the appellant only for a matter of seconds and that they were nervous during that time.
David Shunnarah testified that he was the owner and manager of the grocery store which was robbed. He testified that on the afternoon in question, a man approached his office and asked if anyone had turned in a purse, saying that his wife had left her purse at the store. Shunnarah asked the cashiers if anyone had turned in a purse and then turned to write down the man’s name and number so that, if the purse was located, he could be called. At that time, Shunnarah heard some noise from behind the office and looked up to see a man who had climbed over the spice rack and onto the ledge of the office. Two of the cashiers also saw the man on the ledge. *699 The man had a gun pointed at Shunnarah and jumped down into the office. He demanded money and threatened Shunnar-ah’s life. Shunnarah gave the man all of the money that he had in the office, approximately $12,500. The man who had asked for the purse also had a gun. Shunnarah was forced to walk out of the office between the two men and, as they walked past one of the registers, the cashier was able to get another look at the man who had asked about the purse. They walked around the store and told Shunnarah to run back inside. Thereafter, he telephoned the police and gave them a detailed description of the man who had jumped down into his office. Shunnarah was shown a photographic lineup approximately six weeks after the offense and positively identified a photograph of the appellant as the robber who had jumped into his office.
On cross-examination he testified that he was able to view the appellant for approximately 20 seconds while he was on the ledge, 20 seconds after he jumped into the office, and a few more seconds when he was instructed to run back inside the store.
Carol Head testified that she was shopping in the grocery store on the afternoon in question when, by the spice rack, she bumped into a man she identified as the appellant. She further testified that, while she was in the checkout line, she heard a noise, looked up and observed the man climbing over the spice rack and telling the store manager to get on the floor or he would kill him. She ran outside in order to telephone the police, but the telephone was out of order. As she was walking back into the store, she observed the man pushing the manager out of the store with a gun at his back. She followed the man outside and heard him instruct the manager to run back into the store. She testified that she observed the appellant in total for only a few minutes; however she stated that she got “a good look at him.” She identified the appellant in court as the man who had jumped into the office and pushed the manager outside. She further stated that several weeks after the offense, she identified the appellant from a photographic lineup.
Two of the cashiers testified and identified the appellant in court as the robber in question. They both had also identified the appellant’s photograph when shown a photo lineup after the offense.
A person commits the crime of robbery in the first degree if he does those things proscribed in §§ 13A-8-43 and -41, Code of Alabama 1975:
“(1) Uses force against the person of the owner or any person present with the intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with the intent to compel acquiescence to the taking of or escaping with the property.”
§ 13A-8-43.
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.”
§ 13A-8-41.
The State presented evidence through the testimony of the owner and manager of the grocery store, as well as three other eyewitnesses, that the appellant was armed with a pistol and threatened the life of the owner and manager in order to rob the store of approximately $12,500. The testimony of the victim alone is sufficient to establish a prima facie case of robbery in the first degree and to support a jury’s verdict thereof. Pickett v. State, 417 So.2d 589, 591 (Ala.Cr.App.1982). The testimony of the four eyewitnesses clearly showed that their identifications of the appellant were reliable under the standards set forth in Flowers v. State, 402 So.2d 1088 (Ala.Cr. App.1981), cert. denied, 402 So.2d 1094 (Ala.1981), namely: (1) the opportunity of the witness to view the appellant at the time of the offense; (2) the witness’s level of attention; (3) the accuracy of the witness’s prior description of the appellant; (4) the degree of certainty demonstrated by the witness at the confrontation; and (5) the amount of time between the offense and the confrontation. The State suffi *700 ciently proved a prima facie case of robbery in the first degree.
II
The appellant argues that the trial court abused its discretion when his motion for continuance was denied. The record indicates that the appellant requested a continuance on the morning of the trial in order to seek another attorney because he allegedly could no longer afford his current attorney. The trial court denied the request. At the close of the State’s case, the appellant again requested a continuance in order to seek another attorney, but no grounds were given to support that request. Subsequently, during a hearing on the motion for new trial, the appellant contended that his attorney had not attempted to obtain witnesses and had not spent enough time with the appellant prior to trial. The trial court denied the motion.
The record reflects that when the appellant initially requested the continuance on the day of trial, the trial court responded:
“THE COURT: Mr. Jennings, of course, you had appointed counsel to begin with, Mr. Clay was allowed to withdraw and Mr. Falletta was with you at that time. And we discussed this situation with counsel and I indicated — Mr. Falletta indicated he was your lawyer and you pled not guilty. I deny your request for a continuance on the ground that you have retained counsel and the case is set for trial and I will give you exception to my ruling and deny your request for continuance.”
During the motion for mistrial, the appellant’s counsel on appeal was present and argued that the appellant and Mr. Falletta did not have a good relationship and that the appellant was denied adequate representation. The trial court responded:
“THE COURT: Mr. Laplante, let me say from my conversation with Mr. Jennings back in June and October, Mr. Jennings was never satisfied with any attorney. He would seek to use that as [a] delaying tactic every time the case was set for trial. That he retained Mr. Falletta in June and that the case was passed for a period of four months, and the case was tried before the court with compulsory process available for any witness Mr. Jennings might have had.
“Mr. Falletta’s likelihood of finding a man named Brian who shoots pool and plays ball is — if that is the only witness he would complain that Mr. Falletta failed to call I can understand that inability of Mr. Falletta to locate such a witness.”
After a review of the record, we find no gross abuse of discretion by the trial court. Richardson v. State, 476 So.2d 1247 (Ala.Cr.App.1985). “[A] continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed unless clearly abused.” McConico v. State, 458 So.2d 743, 747 (Ala.Cr.App.1984).
Ill
The appellant alleges that the trial court committed reversible error by admitting six photographs into evidence after the testimony of the State’s witnesses allegedly showed that they did not accurately describe the scene of the crime on the day the crime took place. Specifically, the appellant argues that the trial court should have sustained his objection to all six photographs because David Shunnarah testified that in one of the photographs the cigarette racks were different from the racks that were present on the day in question. He testified that the racks were in approximately the same position as on the date of the offense, but they were not the same racks. He further testified that, with the exception of the racks, the photograph fairly and accurately depicted the layout of the store as it existed on the date of the offense. We find no error in the trial judge’s decision to admit the photograph, because the difference between the photograph of the scene and the scene at the time of the offense was insignificant and was fully explained to the jury during Shunnarah’s testimony. Adkins v. State, 481 So.2d 431 (Ala.Cr.App.1985).
“Photographs are not rendered inadmissible when conditions have changed *701 and are not exactly the same as they were at the time when the incident occurred when the differences are immaterial and sufficiently explained to the jury. Such goes to the weight of the evidence, rather than its admissibility.”
Donner v. State, 409 So.2d 461, 465 (Ala. Cr.App.1981).
AFFIRMED.
All Judges concur.