The appellant, Roy Reynolds, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. The trial court, pursuant to the Habitual Felony Offender Act, sentenced the appellant to life imprisonment without parole.
The evidence presented by the State tended to show that, on August 29, 1985, Gary Mann and Anne Fondren were working at the "Pic-A-Pac" convenience store in Bessemer, Alabama. That night, at approximately 8:00 p.m., the appellant and William Blevins, Jr., entered the store. Reynolds and Blevins, at gunpoint, took an undetermined amount of cash from the store and a .25 caliber pistol belonging to Mr. Mann. The appellant, a short time after the robbery, was arrested nearby. Both Mann and Fondren identified the appellant as one of the two men who robbed them. A videotape of the robbery and the *Page 429 
appellant's oral confession were admitted into evidence at the appellant's trial.
The appellant raises five issues on appeal.
 I
The appellant's first contention is that the trial court committed reversible error by failing to grant his motion for a continuance. The appellant, on the day set for trial, advised the trial court that his family desired to provide him with retained counsel of his choosing, and his appointed counsel moved for a continuance. The trial court heard the motion and denied it. The appellant contends that his counsel was not allowed adequate time to prepare for trial. However, the record reflects that the case had been pending since December 1985, counsel was appointed in October 1986, and the day set for trial was April 6, 1987.
A motion for a continuance is addressed to the discretion of the trial court, and the court's ruling on it will not be disturbed unless there is an abuse of discretion. Ex parteSaranthus, 501 So.2d 1256, 1257 (Ala. 1986). A motion for continuance due to lack of time for adequate preparation is a matter entirely and exclusively within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a plain and palpable showing of abuse. Dawkins v. State,455 So.2d 220, 221 (Ala.Cr.App. 1984). In Johnson v. State,500 So.2d 69 (Ala.Cr.App. 1986), we held that two months was adequate time to prepare, and in Gosha v. State, 442 So.2d 138
(Ala.Cr.App. 1983), we held 24 hours' preparation to be sufficient.
We find the facts in the instant case analogous to those inRichardson v. State, 476 So.2d 1247 (Ala.Cr.App. 1985), wherein we held that the trial court did not abuse its discretion in denying the defendant's motion for a continuance on the scheduled day of trial and proceeding to trial with appointed counsel rather than counsel whom defendant sought to substitute. As stated in Richardson, supra:
 "The right to choose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. . . . Under these conditions, we have no difficulty in holding that the court did not abuse its discretion in denying the motion for a continuance and proceeding to trial with appointed counsel who was already prepared to try the case." Id. at 1248.
The appellant's appointed counsel stated, during the hearing on the motion for a continuance, "I have prepared most of his defense." Counsel had time to prepare for trial. This evidence does not indicate an abuse of discretion.
 II
The appellant's second contention is that the trial court committed reversible error by denying his motion to suppress his oral confession. Specifically, he contends that his statements were made as a result of inducements and/or promises of a reduced sentence.
The record reveals that the appellant made two statements on two different occasions. The first statement was made shortly after the appellant was apprehended. The appellant, after viewing a videotape of the robbery, admitted to Lt. Douglas Acker of the Bessemer Police Department his involvement in the robbery. The appellant, the next morning, again confessed to the robbery. The second admission was made in the presence of both Lt. Douglas Acker and Sgt. Anthony Bellanco of the Bessemer Police Department. Lt. Acker and Sgt. Bellanco testified that the appellant was advised of his constitutional rights and that he understood those rights. Both officers testified that prior to the appellant's making a statement, they did not offer the appellant any inducement or hope of reward or promise him that his sentence would be less if he cooperated by giving a statement. The appellant, testifying to the contrary, said that the police officers induced him to make a statement by promises of a reduced sentence. Thus, this issue is one of conflicting testimony *Page 430 
dealing with the voluntariness of the appellant's confession.
In Green v. State, 439 So.2d 816, 818 (Ala.Cr.App. 1983), we held:
 "A confession is presumed to be involuntary and, before its admission, there must be evidence presented to the trial judge sufficient to overcome this presumption. Hardy v. State, 409 So.2d 996 (Ala.Cr.App. 1982). In determining the voluntariness of a confession, the totality of circumstances in each particular case must be considered. Moore v. State, 415 So.2d 1210
(Ala.Cr.App. 1982). The trial judge must examine all attendant circumstances in making the determination of voluntariness, and the ultimate inquiry by the trial judge is whether the appellant's rational intellect and free will were overcome at the time he confessed. Eakes v. State, 387 So.2d 855 (Ala.Cr.App. 1978). The determination of the voluntariness of the confession is within the sound discretion of the trial court. Hardy, supra."
Voluntariness of an alleged confession is a question for the trial court and we will not disturb the court's ruling unless it appears to be manifestly wrong. Whitlow v. State,509 So.2d 252, 255 (Ala.Cr.App. 1987).
In Malone v. State, 452 So.2d 1386, 1389 (Ala.Cr.App. 1984), we held:
 "When the evidence on the circumstances surrounding the appellant's confession is conflicting on voir dire, the trial judge must determine its admissibility. If admitted, then the controverted testimony for the defendant goes to the jury on the confession's credibility. Where the trial judge finds on conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence."
In this case, the trial court's ruling that the statements were voluntary and admissible was supported by the evidence.
 III
The appellant's third contention is that the trial court committed reversible error by receiving into evidence the videotape of the robbery. Specifically, he claims that the State failed to lay a proper predicate or establish a complete chain of custody.
In Molina v. State, 533 So.2d 701 (Ala.Cr.App. 1988), we set out the law regarding this issue:
 "We adopt the 'better reasoned rule' that 'video recordings are admissible on the same basis as other types of photographic evidence, i.e. admissible when verified by some witness who can state that they are a reliable reproduction of the recorded picture and sound.' C. Scott, Photographic Evidence, supra, § 1297 at 98 n. 42.20 (1987 Pocket Part).
 " 'The motion picture on a film or videotape is at least a partial verification of the reliability of the sound track because the picture usually enables the viewer to tell who is speaking and in some instances, gestures and other movements of the speakers may make indistinct words understandable.' Scott at 95.
 "Accordingly, we reaffirm the predicate for admitting videotape [motion picture] evidence announced by our Supreme Court in UAW-CIO v. Russell, [264 Ala. 456, 88 So.2d 175 (1956), aff'd, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958),] and we specifically reject the dicta in Voudrie v. State, 387 So.2d [256] at 256 [(Ala. 1980)], and cases following it, that have upheld the more stringent seven-pronged predicate for admitting sound recordings. '[T]he stringent requirements sometimes made for the verification of sound tape recordings should not be applied to the audio portion of videotape recordings.' C. Scott, Photographic Evidence, supra, at 95. The 'seven-pronged test is now usually considered obsolete, even for sound recordings,' id. at 98 n. 42.20, and 'has been abandoned in the better reasoned cases in favor of a rule holding that sound tapes like photographs are admissible when a witness testifies they are reliable representations of the subject sound,' id. at 97 n. 42.5.
 "The videotape was thus admissible without a showing of its chain of custody. *Page 431 
'[A] proper foundation laid for the accuracy of what the film portrays obviates the need to establish a chain of custody to demonstrate its authenticity.' State v. Deering, 291 N.W.2d 38, 41
(Iowa 1980). Accord, Mikus v. United States, 433 F.2d 719, 725-26 (2d Cir. 1970); Paramore v. State, 229 So.2d 855, 859 (Fla. 1969), vacated on other grounds, 408 U.S. 935, 92 S.Ct. 2857, 33 L.Ed.2d 751 (1972); Bremer v. State, 18 Md. App. 291, 307 A.2d 503, 535 (1973), cert. denied, 415 U.S. 930, 94 S.Ct. 1440, 39 L.Ed.2d 488 (1974) (Videotape of attempted assassination of Governor George Wallace admitted without proving chain of custody of the film)."
In the case at bar, Gary Mann testified that after the robbery, he viewed the tape at least twice and that it fairly and accurately recorded the sequence of events that occurred at the "Pic-A-Pac" store on the evening of the robbery. Moreover, the record reveals that the State and the appellant entered into a stipulation that Gary Mann would testify to the accuracy of the events shown on the videotape. Such a foundation showing the accuracy of the videotape obviates the need to establish such a chain of custody as the appellant contends was necessary.
Therefore, the trial court did not err in allowing the videotape into evidence.
 IV
The appellant's fourth contention is that the trial court committed reversible error by denying his motions for a mistrial due to prosecutorial misconduct. The appellant cites five occurrences during the trial which he claims had a cumulative effect of denying him a fair and impartial trial. However, the record does not support his argument, and this issue is without merit.
Moreover, the cumulative effect of these alleged errors does not demand a reversal. Since no single instance of alleged improper conduct constituted reversible error, we do not consider their cumulative effect to be any greater.Sprinkle v. State, 368 So.2d 554, 560 (Ala.Cr.App. 1978), writquashed, 368 So.2d 565 (Ala. 1979). See also Britain v. State,533 So.2d 684 (Ala.Cr.App. 1988).
 V
The appellant's fifth and final contention is that the trial court committed reversible error by failing to give the appellant's written requested charges. However, this issue has not been preserved for appellate review. The record reflects that the appellant did not call the trial court's attention to the specific written charges that were refused, nor did he cite specific grounds for his objection to their refusal. SeeBurkett v. State, 439 So.2d 737, 750 (Ala.Cr.App. 1983). Moreover, our examination of the record reveals that the appellant's requested charges were substantially covered in the trial court's oral charge to the jury. Therefore, even had this issue been preserved, it would be decided adversely to the appellant. See McDaniel v. State, 446 So.2d 670, 674
(Ala.Cr.App. 1983).
AFFIRMED.
All the Judges concur.