Joseph Lester Pate was indicted for the offense of theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975, on August 29, 1991. Pate was arraigned on September 25, 1991, and entered a plea of not guilty.
On October 1, 1991, Pate filed a motion to dismiss the charge against him based upon his alleged previous filing in May 1991 of a motion for speedy trial in the original district court case. In his motion to dismiss, Pate alleged that the State's failure to prosecute him within 90 days of the filing of the district court case required dismissal of the charges against him. On November 15, 1991, defense counsel filed a motion for a mental evaluation of Pate based upon recent receipt of information that counsel asserted brought Pate's competency to stand trial into question.
On November 20, 1991, Pate appeared with his counsel before the court, and the court indicated that it had been informed that Pate desired to enter a guilty plea. The court informed Pate that it was necessary to determine that Pate understood the nature of the charges against him and the consequences of his plea and to determine that the plea was voluntarily and intelligently made and that a factual basis existed for the plea. The court also referred to an executed explanation of rights and plea of guilt form and asked defense counsel whether he had explained Pate's rights to him. Defense counsel replied that he had.
The court then stated that it wanted to place on the record the fact that Pate had contacted the court the day before concerning his desire to enter a plea of guilty and that Pate wanted to do so in spite of the fact that his mental condition had been discussed in court previously and that his counsel had obtained a continuance to have Pate examined, before trial, by a mental health expert, paid for by Pate, and a mental health expert paid for by the state. The court indicated that it did not believe the examinations would be beneficial to Pate under state law but that, based upon Pate's mental history, the court felt compelled to grant defense counsel's motion. *Page 212 
The court further stated that it was of the impression that Pate was aware of what he was doing in entering the guilty plea, particularly in consideration of the fact that Pate was already serving a life sentence as a habitual offender for first degree theft and third degree burglary and that the proposed plea bargain agreement was for a 15-year sentence, which would likely add little time to Pate's pre-existing life sentence. The court indicated that it believed Pate's decision to plead guilty was rational. The court further noted that defense counsel had been contacted and had participated in a discussion off the record. The court stated that it had made it clear in the off-the-record discussion that whether Pate wanted to enter a guilty plea or pursue his case was immaterial to the court and that the court was not trying to force Pate to plead guilty. Pate acknowledged that the statement made by the court on the record was correct.
The court then conducted a colloquy with Pate in which Pate acknowledged that his attorney had discussed the case with him and had informed him of his constitutional rights. Pate understood that he would be represented by counsel during trial and that he understood the charges against him. The court informed Pate of the potential range of punishment, including the potential range if the State provided evidence of prior felony convictions. The State indicated that it did have certified copies of six prior convictions that would be placed in the record.
The court stated that under the plea bargain agreement entered into by Pate, Pate would be sentenced to 15 years' imprisonment based upon application of the Habitual Felony Offender Act, with this sentence to run concurrently with his present life sentence. Pate acknowledged that he understood that he had the right to enter pleas of not guilty and not guilty by reason of mental disease or defect and to maintain such pleas at trial. Pate acknowledged that he understood his right against self-incrimination and that that right was waived by his guilty plea. Pate acknowledged that he had the right to a jury trial and that his guilty plea waived such right. Pate further acknowledged that he understood that he had the right to cross-examine witnesses against him, the right to testify and present evidence on his behalf, and the right to subpoena witnesses to testify on his behalf and that his guilty plea waived such rights.
The court further informed Pate that his guilty plea waived his right to trial and waived all issues previously raised, including his claim of a right to speedy trial.
Pate acknowledged that no promises had been made to induce his guilty plea other than the agreement reached between him, his attorney, and the State and that he had not been threatened or coerced in any way to enter his plea. Pate further acknowledged that the plea had been initiated by him on his own behalf.
Pate then stated that he was guilty and the basis of the charge was his theft of items from Walmart discount store while he was employed there while allegedly on parole from his life sentence. Defense counsel concurred in his plea.
The court held that Pate's guilty plea was made intelligently and voluntarily and that a factual basis existed to support the plea. The court then found Pate guilty of theft of property in the second degree and sentenced Pate to a term of 15 years' imprisonment to run concurrently with Pate's life sentence.
The State then moved to nol-pros a possession of controlled substances charge pending against Pate, and a copy of the explanation of rights and plea of guilty form and the executed plea agreement were filed with the court. Two issues are raised on appeal.
 I
Pate contends that the trial court did not have jurisdiction to accept his guilty plea and should have dismissed the charges because of the alleged failure of the State to comply with the Alabama Uniform Mandatory Disposition of Detainers Act, as codified at §§ 15-9-82 and -84, Code of Alabama 1975. *Page 213 
By entering a voluntary plea of guilt, all non-jurisdictional defects are waived, including any violation of the Uniform Mandatory Disposition of Detainers Act. Tombrello v. State,484 So.2d 1190 (Ala.Cr.App. 1985).
Before accepting Pate's guilty plea, the trial court expressly informed Pate that his guilty plea would waive his claim of a right to a speedy trial. Pate acknowledged to the court that he understood this consequence of pleading guilty, and that he voluntarily and intelligently desired to plead guilty to the reduced charge of theft of property in the second degree pursuant to the agreement between him and the State. After conducting a painstaking colloquy, the court accepted Pate's guilty plea as being voluntary, intelligent, and based upon facts supporting the plea.
Hence, by entering a voluntary and intelligent plea of guilt in this case, Pate waived any claim that may have arisen under the Alabama Uniform Mandatory Disposition of Detainers Act.
 II
Pate contends that the trial court should not have accepted his guilty plea after having acknowledged Pate's right to a mental examination, because Pate was not competent to enter a guilty plea.
It is axiomatic that review on appeal is limited to matters properly and timely raised in the trial court. Dixon v. State,476 So.2d 1236 (Ala.Cr.App. 1985). An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.
A criminal defendant is limited on appeal to the specific grounds raised in support of an objection or motion at trial and new grounds cannot be raised on appeal. Washington v.State, 555 So.2d 347 (Ala.Cr.App. 1989).
Approximately two weeks after his guilty plea was accepted by the court, Pate filed a "motion for appeal" in which he requested that his guilty plea be withdrawn because 1) the case should have been dismissed because of the State's failure to comply with the Alabama Mandatory Disposition of Detainers Act and 2) he was pressured into pleading guilty because he was pressured into being sent to Taylor Hardin Secure Medical Facility for mental evaluation.
At no point in the proceedings below did Pate raise the ground that the court should not have accepted his guilty plea after approving his mental examination because Pate was not competent to enter such a plea.
Because this issue is raised for the first time on appeal, this issue is not subject to appellate review.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.