Jerry Dewitt Baker, the appellant, was convicted of theft by deception in the first degree and was sentenced to 10 years' imprisonment. This sentence was "split" and he was ordered to serve three years in incarceration and the balance of the sentence on probation. The appellant raises eight issues on this direct appeal of his conviction.
 I.
The appellant, in his brief to this Court, contends that "the trial court abused its discretion and erred by refusing to enforce [a] plea bargain agreement." Appellant's brief at 11. The appellant alleges that on the morning of the second and final day of the trial, September 2, 1994, before trial, he entered into an oral plea agreement over the telephone with the prosecutor, Donald Rizzardi, pursuant to which he agreed to plead guilty to negotiating a worthless instrument, which he contends is a lesser included offense of theft by deception. The appellant states: "When [the] [a]ppellant appeared in court ready to present the agreement to the trial judge, the State repudiated its agreement with [the] [a]ppellant and refused to present said agreement to the [c]ourt for its consideration." Appellant's brief at 11. The record reflects that the issue whether the parties had entered into a plea agreement was never presented to the trial court during the trial, but was first presented in the appellant's motion for a new trial, which was filed on the day of sentencing, October 6, 1994.
The State correctly asserts that the appellant's motion for a new trial did not preserve this issue for our review. " 'The grounds urged for a new trial must ordinarily be preserved at trial by timely and sufficient objections.' " Hamrick v. State,548 So.2d 652, 655 (Ala.Cr.App. 1989), quoting Fuller v. State,365 So.2d 1010, 1012 (Ala.Cr.App. 1978). See also Edwards v.State, 581 So.2d 1260, 1261 (Ala.Cr.App. 1991), quoting Orr v.State, 435 So.2d 182, 184 (Ala.Cr.App. 1983) (" '[I]f there is a plea agreement between a defendant and the State and a breach thereof which is made known to the trial court, and if the trial court does not sentence the defendant pursuant to the terms of the plea agreement . . ., then the defendant must be given an opportunity, upon proper timely, and specific motion, to withdraw his guilty plea.'). (Emphasis added.) Defense counsel should have brought this matter to the attention of the trial court during the trial, when the State was alleged to have "repudiated its agreement."
 II.
The appellant contends that "the trial court erred by overruling [the] appellant's motion to dismiss the indictment on the grounds that the prosecution was barred by the statute of limitations set forth in section 15-3-4, Code of Alabama, as amended, 1975." Appellant's brief at 14. That Code section provides that "[a] prosecution for unlawfully taking or using temporarily the property of *Page 3 
another must be commenced within 30 days." This Court, however, has repeatedly held that the statute of limitations of three years set forth in § 15-3-1, Code of Alabama 1975, applies to theft of property actions. Speigner v. State, 663 So.2d 1024,1026 (Ala.Cr.App. 1994); Britain v. State, 533 So.2d 684, 688
(Ala.Cr.App. 1988); Britain v. State, 518 So.2d 198, 201
(Ala.Cr.App. 1987), cert. denied, 486 U.S. 1008,108 S.Ct. 1736, 100 L.Ed.2d 199 (1988); Parker v. State, 516 So.2d 859,864 (Ala.Cr.App. 1987). The theft at issue in this case occurred in June 1993. The appellant was indicted on January 6, 1994, well within the three-year limitations period. Clearly, the trial court did not err in overruling the appellant's motion to dismiss the indictment.
 III.
The appellant contends that "the trial judge erred by his failure and ultimate refusal to disqualify himself when it became apparent he had personal knowledge of disputed evidentiary facts concerning the proceeding and thereby became a material witness concerning the facts." Appellant's brief at 17. He alleges that the trial judge's failure to disqualify himself violated Canon 3.C(1)(a) and (b), Alabama Canons of Judicial Ethics. The appellant, an attorney, represented Thelma Gail Hillis in a worker's compensation action. He was charged with theft of the money that was supposed to be given to Hillis in settlement of her claim.
At the appellant's request, Hillis endorsed the check made out to her and gave it to the appellant so that he could deduct his fee. He indicated that he would send her a check for the remainder, which he did, but the check could not be cashed because there were insufficient funds in the account. The appellant argues that the trial judge should have disqualified himself because he had presided over the settlement conference in the worker's compensation case in which the appellant had represented Hillis and where the amount to be paid to Hillis as settlement was negotiated. The appellant maintains that had the judge not presided over his trial, he could have used the judge's testimony to contradict Hillis's trial testimony concerning discussions that allegedly occurred at the settlement conference in order to "impeach [her] veracity and credibility." Appellant's brief at 19-20.
This issue is procedurally barred from appellate review, because it was first raised by the appellant in a "supplemental motion for [a] new trial" filed at sentencing. Ross v. Luton,456 So.2d 249, 255 (Ala. 1984) ("The disqualification of a trial judge . . . may be waived if the parties proceed to trial without objection"). See also Noah v. State, 494 So.2d 870, 873
(Ala.Cr.App. 1986) (Tyson, J., concurring).
 IV.
The appellant contends that in five instances "he was deprived of his due process rights as guaranteed him by the Sixth Amendment of the U.S. Constitution, and Article 1, Section 6 of the Alabama Constitution, 1901." Appellant's brief at 21.
The appellant first argues that the trustee appointed to oversee the appellant's law practice following the appellant's voluntary surrender of his license to practice law "failed to fulfill the fiduciary responsibility vis-a-vis the [a]ppellant." Appellant's brief at 22. He appears to suggest that the trustee's failure in this regard somehow resulted in his being prosecuted. However, the record reveals that this claim was never presented to the trial court, and "[a]n issue raised for the first time on appeal is not subject to review because it has not been properly preserved and presented."Pate v. State, 601 So.2d 210, 213 (Ala.Cr.App. 1992). " 'Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal.' " Adamsv. City of Pelham, 651 So.2d 55, 56 (Ala.Cr.App. 1994). (Citations omitted.)
The appellant next argues that the trial court erred in its "refusal to estop the State from further prosecution of [the] [a]ppellant after [the] [a]ppellant had entered into a valid plea bargain agreement." Appellant's brief at 25. As explained in Part I of this opinion, the appellant raised the issue of the alleged plea bargain in his motion for a new trial filed on the day of sentencing. This issue is procedurally barred from appellate *Page 4 
review because it was untimely raised. See Part I.
The appellant next argues that the trial court erred by its "failure to provide personal notice to [the] [a]ppellant of the change of appointed counsel [for appeal] and of the completion and readiness of the transcript of the proceedings." Appellant's brief at 25. The appellant was sentenced and gave notice of appeal on October 6, 1994. New counsel was appointed for his appeal on October 31, 1994. The trial transcript was completed on December 29, 1994. On January 6, 1995, the trial court allowed the appellant's counsel to withdraw and appointed other counsel for the appellant. The appellant alleges in his brief that he was first made aware of the completion of the trial transcript and the appointment of second counsel on January 27, 1995, when that counsel appeared at the appellant's work place and informed him of these events. The appellant specifically argues that because he "provided substantial assistance to the research, drafting, preparation and filing of his brief," Appellant's brief at 27, the alleged lack of notice caused delay in the preparation of his brief and "substantially prejudiced and harmed" him. Id.
This Court granted a motion filed by the appellant's second attorney to extend the time for filing the appellant's brief to four weeks from the day of that attorney's appointment. Moreover, the appellant's attorney asked for and was granted another one-week extension. Therefore, the appellant's brief was not filed until a full two weeks after he alleges he was first made aware of the completion of the trial transcript and the second appointment of counsel. In addition, the appellant fails to allege exactly how his brief is deficient. Based on these facts, we find no violation of due process. In so doing, we are mindful of the rule that "[w]hen a party is represented by counsel, the clerk may not accept a brief from that party." Rule 31(a), A.R.A.P. The appellant was represented by counsel; therefore, even though he had been an attorney, his counsel, not him, was responsible for filing the brief.
The appellant next argues that "[t]he State made extrajudicial statements materially prejudicing [the] [a]ppellant's sentencing hearing." Appellant's brief at 28. This claim is procedurally barred from appellate review because it is raised for the first time on appeal. Pate, 601 So.2d at 213; Anderson v. State, 641 So.2d 1299, 1301 (Ala.Cr.App. 1994) ("[t]he appellant must specifically raise an issue regarding sentencing in the trial court before this court will consider it on appeal").
Finally, the appellant argues that the trial court erred in denying his motion for a continuance. On the first day of the trial, immediately before the entry of the appellant's plea of not guilty, the following occurred:
 "MR. PATTERSON [(defense counsel)]: Your Honor, I began to represent Mr. Baker by being retained by him this morning. He had previously spoken to an attorney named Carl Mark Sandlin about representation and thought that he had an agreement with him, but apparently they did not and apparently there was a misunderstanding between them. And because of this, other than the motion to dismiss I filed this morning, no documents have been [filed] on behalf of Mr. Baker; I did not review any production from the State until a few minutes ago when they gave me some. And the issues in this case involve the bank accounts, [c]lient [s]ecurity [f]und, a file which Mr. Baker has still been unable to locate, and many matters which might require the subpoenaing of witnesses on behalf of Mr. Baker and none of which I've been able to do for him. I'm going to do a mighty poor job of lawyering today if we are put to trial.
 "I don't think that Mr. Baker has tried to achieve a continuance for any bad reason in any way. He merely thought that he would be represented by Sandlin until Monday. I'm asking the Court for a continuance obviously. The case has not been set for trial before and I don't think other than a trip up here by the Hillises anybody would be greatly put out by a continuance. And we will be ready the next time with our proof.
 "THE COURT: Well, let me speak more to your client than to you, Mr. Patterson. *Page 5 
Mr. Baker, you were a member of the Bar.
"THE DEFENDANT: Yes, sir.
 "THE COURT: And at one time you were an Assistant City Attorney.
"THE DEFENDANT: Yes, sir.
 "THE COURT: And you understand the responsibilities of an attorney in a trial of a criminal case. Mr. Sandlin never appeared of record for you in this case.
 "When the case was — the docket for this week of trial was first sounded on Monday, you did not appear at the time specified in the docket. I, later that day, after you had not appeared for calling the docket at least twice, which is my custom before issuing a capias order on August 29, I rendered a capias warrant for your arrest whereupon you finally showed up and you were with Mr. Patterson. You and Mr. Patterson had been in discussion concerning his representation of you since at least Monday. This is Thursday. Your lack of preparation of trial in this case appears to me to be just a continuation of the conduct that had brought you to this sad pass.
 "The motion for continuance is denied unless the State wishes to concede in it.
 "MR. RIZZARDI [(the prosecutor)]: If I could have one moment, Your Honor.
 "We would not be willing to make that concession.
 "THE COURT: All right. Then the case is for trial."
R. 7-9.
"A motion for [a] continuance due to lack of time for adequate preparation is a matter entirely and exclusively within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a plain and palpable showing of abuse." Reynolds v. State, 539 So.2d 428, 429
(Ala.Cr.App. 1988).
In his reply brief, the appellant refers us to a list of factors set forth in Adkins v. State, 600 So.2d 1054
(Ala.Cr.App. 1990), to be evaluated when considering the propriety of a continuance: "the length of the continuance, the inconvenience to witnesses, counsel, and the court, and whether the 'defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel.' " Id. at 1061, quoting United States v. Burton, 584 F.2d 485, 490-91 (D.C. Cir. 1978), cert. denied, 439 U.S. 1069, 99 S.Ct. 837,59 L.Ed.2d 34 (1979). The appellant argues that a review of these factors leads to the conclusion that a continuance was warranted. The list of factors in Adkins, however, is not comprehensive. Another factor for consideration, listed inBurton, supra, is "whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived." Burton, 584 F.2d at 491. Moreover, this Court has previously noted other factors to be considered when addressing the specific claim of inadequate preparation time, one of which is "the accused's role in shortening the effective preparation time." Ringstaff v. State, 480 So.2d 50, 53 n. 1 (Ala.Cr.App. 1985). See also Rule 6.1(b), A.R.Crim.P. ("[i]f a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed"), and Committee Comments to Rule 6.1, A.R.Crim.P. ("[s]ection (b) protects the court against dilatory tactics of the defendant").
As we stated in Adkins, " '[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " 600 So.2d at 1061, quoting Ungar v. Sarafite,376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964). "How the balance operates to obtain a result must depend on the circumstances of the particular case." Burton, 584 F.2d at 491-92.
The majority in Burton notes with approval certain language from the dissenting opinion in that case. 584 F.2d at 491 n. 16. That language includes the following: "The accused who has had an adequate chance to secure counsel, and who on the very eve of trial seeks a postponement to obtain a substitute or additional counsel, needs a strong showing of sincerity to overcome a natural inference of bad faith." 584 F.2d at 507. *Page 6 
" 'The right to choose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice.' " Reynolds v. State, 539 So.2d 428, 429 (Ala.Cr.App. 1988), quoting Richardson v. State, 476 So.2d 1247, 1248
(Ala.Cr.App. 1985); Stout v. State, 547 So.2d 894, 898
(Ala.Cr.App. 1988).
The appellant did not overcome the inference of bad faith in this case. As we stated in Johnson v. State, 500 So.2d 69, 71
(Ala.Cr.App. 1986), "[w]e must give the trial court's decision deference. The judge was there; we were not." We find that the trial court did not abuse its discretion in denying the appellant's motion for a continuance.
 V.
The appellant alleges five instances of prosecutorial misconduct. His claims in this regard are procedurally barred from appellate review, however, because they are raised for the first time on appeal. Pate v. State, 601 So.2d 210, 213
(Ala.Cr.App. 1992); Goodwin v. State, 641 So.2d 1289, 1293
(Ala.Cr.App. 1994).
 VI.
The appellant contends that his trial counsel was ineffective in several instances. However, the appellant is represented by new counsel on appeal, and the appellant's motion for a new trial and "supplemental motion for [a] new trial" did not allege a single instance of ineffective assistance of counsel. Thus, these claims are procedurally barred from appellate review. Ex parte Jackson, 598 So.2d 895, 897 (Ala. 1992).
 VII.
The appellant contends that the State used its peremptory challenges in a racially discriminatory manner, in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). The record reveals that after the striking of the jury, the appellant's counsel raised the following objection to one of the State's strikes: "There is no reason for the State to strike him. He is the only black." The trial judge asked the prosecutor his reason for the strike, and the prosecutor stated that the juror had been struck "[b]ecause of his conviction." R. 33. The appellant specifically argues on appeal that the State's reason was merely a sham or pretext because, he says, the prosecutor failed to question the veniremembers about prior convictions.
This case presents the same problem we addressed inRoberts v. State, 627 So.2d 1114, 1116 (Ala.Cr.App. 1993):
 "Our determination of the validity of the strikes based on any information elicited during the prosecution's questioning of the jury venire is hampered because the appellant has failed to provide a transcript of the voir dire. Also, the record does not contain the clerk's office jury list of any relevant information about the jurors. 'It is the appellant's duty to provide this court with a complete record on appeal.' Knight v. State, 621 So.2d 394 (Ala.Cr.App. 1993). See also Holder v. State, 584 So.2d 872 (Ala.Cr.App. 1991). We cannot predicate error on a silent record. Hutchins v. State, 568 So.2d 395 (Ala.Cr.App. 1990). We will not find reversible error based on a Batson
objection when there is no transcript of the voir dire contained in the record."
 VIII.
The appellant contends that "[t]he sentence imposed on [him] by the trial court is a clear abuse of the trial court's discretion." Appellant's brief at 14. This issue is procedurally barred from appellate review, because the appellant never objected to his sentence in the trial court.Pate v. State, 601 So.2d 210, 213 (Ala.Cr.App. 1992); Andersonv. State, 641 So.2d 1299, 1301 (Ala.Cr.App. 1994).
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
All Judges concur. *Page 7