Darryl Travis Watkins was convicted of capital murder and was sentenced to death pursuant to § 13A-5-31(a)(2), Code 1975. He appealed to the Court of Criminal Appeals, which affirmed his conviction and sentence and later overruled his application for rehearing), Watkins v. State, 509 So.2d 1056 (Ala.Cr.App. 1983). The defendant then petitioned this Court for a writ of certiorari, raising three issues for our review: 1) the constitutionality of the death penalty statute under which he was sentenced; 2) whether the deceased was a "victim" of the robbery; and 3) whether the state's failure to disclose allegedly exculpatory information violated his right to due process. This Court granted the writ. We affirmed the Court of Criminal Appeals' decision in reaffirming the constitutionality of the death penalty provision under which the defendant was convicted and further held that the deceased was a "victim" of the robbery within the meaning of § 13A-5-31(a)(2), Code 1975. However, we remanded the case with instructions to the Court of Criminal Appeals to remand it to the trial court in order to afford the defendant the opportunity to show, if he could, that the belated disclosure of allegedly exculpatory evidence "substantially affected" his right to a fair trial. Ex parteWatkins, 509 So.2d 1071 (Ala. 1984). The Court of Criminal Appeals remanded the case to the trial court, Watkins v. State,509 So.2d 1067 (Ala.Cr.App. 1984), which made findings of fact and concluded that the defendant's right to a fair trial had not been "substantially affected." On return to remand, the Court of Criminal Appeals affirmed, Watkins v. State,509 So.2d 1067 (Ala.Cr.App. 1985), and later overruled the application for rehearing. The defendant again petitioned this Court for a writ of certiorari to review the judgment of the Court of Criminal Appeals and claimed in his petition, for the first time, that the trial court had erred in excluding from the venire a prospective juror who merely expressed strong disapproval of the death penalty. We granted the writ but remanded the case to the Court of Criminal Appeals for it to consider this issue prior to any further review in this Court.Ex parte Watkins, 509 So.2d 1071 (Ala. 1986). After remand, the Court of Criminal Appeals held that the trial court did not err in excluding the juror from the venire. Watkins v. State,509 So.2d 1071 (Ala.Cr.App. 1986). The defendant again petitioned this Court for a writ of certiorari to review the judgment of the Court of Criminal Appeals and in his petition claimed, for the first time, that his constitutional rights had been violated because the state used its peremptory challenges to exclude prospective black jurors from the venire solely on account of their race. We granted the writ; however, this time we have elected to review not only the judgment of the Court of Criminal Appeals, but also the new issue which that court has not had the opportunity to address.
Having carefully read and considered the record, together with the briefs and arguments of counsel, we conclude that the judgment of the Court of Criminal Appeals is due to be affirmed.
As stated, the defendant claims that his constitutional rights were violated because the state used its peremptory challenges to exclude prospective black jurors from the venire solely on account of their race. He relies on Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and this Court's recent decision in Ex parte Jackson, [MS. 84-1112, December 19, 1986] (Ala. 1986).
Batson reduced a defendant's burden of making a prima facie case of racial *Page 1076 
discrimination in the state's use of its peremptory challenges. In Batson, the Court stated:
 "[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group [citation omitted], and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' [Citation omitted.] Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raise the necessary inference of purposeful discrimination.
 "In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors."
476 U.S. at ___, 106 S.Ct. at 1722-23. Once the defendant has made a prima facie case of purposeful discrimination, then the state must come forward with valid nonracial reasons for its challenges.
In Jackson, this Court held, as a matter of state constitutional law, that a rule like the rule announced inBatson was to be applied retroactively to Jackson's trial. Consequently, that case was remanded to the Court of Criminal Appeals with instructions for it to remand the case to the trial court for a determination on the issue.
Subsequent to this court's decision in Jackson, the United States Supreme Court held, as a matter of federal constitutional law, that the Batson rule applied retroactively to all cases, state or federal, pending on direct review or not yet final. Griffith v. Kentucky, ___ U.S. ___, 107 S.Ct. 708,93 L.Ed.2d 649 (1987).
Thus, as a matter of both state and federal constitutional law, the Batson rule is to be applied retroactively to this defendant's trial. See also Ex parte Godbolt, [MS. 85-1287, May 14, 1987] (Ala. 1987) (case remanded for a determination as to whether prospective black jurors were unconstitutionally excluded from the jury).
Because this issue is raised for the first time on appeal, the defendant has requested that we review the record under our plain error rule, Rule 39(k), Ala.R. App.P., and remand for further proceedings, as we did in Jackson. However, we have carefully reviewed the record in this respect and we cannot find any plain error. Although the record does show that the defendant is black and the victim was white, it does not show that the state exercised any of its peremptory challenges to remove prospective black jurors from the venire. The record as a whole simply does not raise an inference that the state was engaged in the practice of purposeful discrimination. Under the plain error rule this Court will "notice any plain error ordefect in the proceeding under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial rights of the petitioner." *Page 1077 
(Emphasis added.) Rule 39(k), supra. The defendant cannot successfully argue that error is plain in the record when there is no indication in the record that the act upon which error is predicated ever occurred (i.e., the state's use of its peremptory challenges to exclude blacks). In both Jackson andGodbolt the records were sufficient to show that prima facie cases of purposeful discrimination could be made by the defendants; therefore, those cases were remanded for determinations on the issue under the guidelines set out inBatson.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY and STEAGALL, JJ., concur.
ADAMS, J., not sitting.
 *Page 216