The appellant was arrested on a two-count indictment for murder and capital murder. The jury returned a verdict of guilty of the lesser included offense of manslaughter. The trial court sentenced Parker to 20 years' imprisonment on this conviction.
The appellant allegedly caused the death of Tiawanna Baskins and Michael Freeman by setting fire to a house occupied by them, knowing that they were in the house at that time.
Douglas Sanders testified that he lived across the street from the appellant's residence. Mr. Sanders stated that he witnessed an argument between the appellant and the victims. He testified that he saw the appellant throw something against the wall and that he then saw the fire start. Mr. Sanders called the fire department and then ran across the street to help. He saw the appellant leave the house and walk eastward. Shortly thereafter, Mr. Sanders saw one victim, Tiawanna Baskins, jump out of the front window onto the ground. Mr. Sanders further testified that Ms. Baskins said that Michael Freeman, the other victim, was inside the house and that the appellant had tried to "burn them up." Both victims died as a result of injuries sustained in the fire.
Gary Simmons, with the Jefferson County coroner's office, testified that he performed an autopsy on the body of Michael Freeman, and that it was his opinion that the death was caused by smoke inhalation and thermal injuries. He also performed an autopsy on Tiawanna Baskins. In his opinion, her death was caused by multiple complications that arose out of the burns involving approximately one-half of her total body surface.
 I(a)
The appellant claims that the trial court erred in overruling her motion to suppress her confession. The appellant filed a pre-trial motion to have her statement to the police suppressed as an incomplete confession. Officer Paul Nichols of the Birmingham Police Department testified that on July 29, 1989, he interviewed Mae Lee Parker at the robbery/homicide room of the Birmingham Police Department. He was accompanied by Captain Charles Vildibill, of the Birmingham Fire Department. Officer Nichols stated that prior to taking the statement he advised the appellant of her constitutional rights, and that she signed a Miranda waiver form. When he initially began talking with the appellant, he did not tape-record the interrogation. Mae Lee Parker stated that the fire must have started from a cigarette on the front porch. At one point during the interrogation, she became very upset, stood up, told him that she had started the fire, grabbed him by the collar, and fainted. The paramedics were summoned.
After the paramedics left, Officer Nichols began tape-recording the remainder of the questioning. The appellant again stated that the only way the fire could have started was by a cigarette left in the chair on the front porch. Officer Nichols stated that he discovered that the appellant was under the influence of alcohol when she grabbed him by the collar, at which point her face was only inches from his face. He did not know how intoxicated she was and did not inquire as to how much alcohol she had consumed.
The appellant moved to suppress her confession, contending that her statement was interrupted when she fainted and that she was therefore unable to explain what she meant in her confession. The appellant argues that her confession was incomplete and is therefore inadmissible. This Court inKing v. State, 355 So.2d 1148, 1151 (Ala.Cr.App. 1978), has stated regarding incomplete confessions: "[T]he rule which frowns upon incomplete confessions is designed to cover cases where an accused, after admitting commission of the criminal act, is prevented from going further and saying anything which might explain or justify his act. William [v. State, *Page 775 39 Ala. 532 (1865)]; United States v. Wenzel, 311 F.2d 164 (4th Cir. 1962); see generally 29 Am.Jr.2d 586, Evidence, § 535."
In this case, the appellant signed a Miranda waiver form, acknowledging her understanding of her constitutional rights. Officer Nichols testified that he had made no promises or threats to force her to make a statement, and that he had not coerced her in any way. The appellant did faint after her confession. However, she was attended to and revived. The appellant was allowed to continue with her statement when she was revived by the paramedics. At that point, she finished her statement by restating everything she had admitted to in the first portion of her statement. Therefore, the motion to suppress was properly overruled.
 I(b)
The motion to suppress was also properly overruled on the issue of intoxication. The trial court ruled that there was no evidence that the appellant was intoxicated. Officer Nichols testified that he did not know that the appellant was under the influence of alcohol until she stood up and grabbed him by the collar. At that point, he smelled alcohol on her breath. The officer went on to testify that the appellant did not manifest any symptoms of being under the influence of alcohol. He stated that her speech was not slurred, and that she was able to move about on her own without steadying herself. She did not manifest any other symptoms of being under the influence.
The evidence concerning the appellant's intoxication at the time of the statement was not sufficient to prove that her statement was involuntary.
 " '[U]nless intoxication, in and of itself, so impairs the defendant's mind that he is "unconscious of the meaning of his words," the fact that the defendant was intoxicated at the time he confessed is simply one factor to be considered when reviewing the totality of the circumstances surrounding the confession.' Carr v. State, 545 So.2d 820, 824
(Ala.Cr.App. 1989). 'The intoxicated condition of an accused when he makes a confession, unless it goes to the extent of mania, does not affect the admissibility in evidence of the confession, but may affect its weight and credibility.' Callahan v. State, 557 So.2d 1292, 1300 (Ala.Cr.App.), affirmed, 557 So.2d 1311 (Ala. 1989)."
White v. State, 587 So.2d 1218 (Ala.Cr.App. 1990). See alsoState v. Austin, [Ms. 90524, June 28, 1991] 1991 WL 164597 (Ala.Cr.App. 1991).
Statements of appellants whose circumstances were similar to those of the present appellant have been held to be voluntary and admissible for consideration by the jury. In McCray v.State, 591 So.2d 108 (Ala.Cr.App. 1991), officials testified that although the appellant smelled of alcohol, "he could handle himself pretty well." And this Court found that the appellant was aware of his rights when he decided to give his statement. See State v. Austin.
The trial court's ruling was proper, and the statements were properly admitted for the jury's consideration.
 II
The appellant next contends that the evidence was not sufficient to sustain the jury's conviction for manslaughter in the arson deaths of two residents of the appellant's house.
The State presented evidence that the appellant was seen arguing with the victims before the fire. The appellant was seen lighting a piece of cloth and throwing something against the wall. The appellant confessed.
The standard for determining the sufficiency of evidence was set out by this Court in Linzy v. State, 455 So.2d 260
(Ala.Cr.App. 1984):
 "The standard of review in determining sufficiency of evidence is whether evidence existed at the time appellant's motion for acquittal was made, from which the jury could by fair inference find the accused guilty. Stewart v. State, 350 So.2d 764
(Ala.Crim.App. 1977); *Page 776 Hayes v. State, 395 So.2d 127 (Ala.Crim.App.), writ denied, Ex parte Hayes, 395 So.2d 150
(Ala. 1981). Stated differently, the test is 'whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis, but whether a jury might reasonably so conclude.' Cumbo v. State, 368 So.2d 871 (Ala.Crim.App. 1978), cert. denied, 368 So.2d 877 (Aa. 1979); United States v. Black, 497 F.2d 1039 (5th Cir. 1974); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971). In deciding this issue, we are required to view the evidence presented in the light most favorable to the state. Hayes, supra; Bass v. State, 55 Ala. App. 88, 313 So.2d 208 (1975).
 " 'Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant's guilt is a question for the jury and not the court.' Cumbo, supra; Cannon v. State, 17 Ala. App. 82, 81 So. 860 (1919). Our function is not to be factfinders, however tempting that may sometimes be. We must not substitute ourselves for jurors, nor play their role in the criminal process. Jury verdicts should not be disturbed unless they are not based upon evidence sufficient to meet the test set out above."
Linzy, at 262.
We find that sufficient evidence existed from which the jury might reasonably exclude every reasonable hypothesis other than that of the appellant's guilt in this cause.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.