The appellant, Lavon Guthrie, was convicted after a jury trial of the capital offense of murder committed during a robbery in the first degree, in violation of § 13A-5-40(a)(2), Code of Alabama 1975. At the sentencing phase of the trial, the jury voted unanimously to recommend that the appellant be sentenced to death. At the trial court's sentencing hearing held pursuant to § 13A-5-47, the trial court sentenced the appellant to death by electrocution.
This case must be remanded to the circuit court for that court to determine whether the state exercised its peremptory challenges in a racially discriminatory manner in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987). Although the appellant neither raised this issue in the trial court nor argued it on appeal, the plain error doctrine requires our review of this issue. Rule 45A, A.R.App.P.; see, e.g., Ex parteBankhead, 585 So.2d 112 (Ala. 1991).
 "Under the 'plain error' doctrine, as enunciated in Rule 45A, the Court of Criminal Appeals is required to search the record in a death penalty case and notice any error (ruling or omission) of the trial court and to take appropriate action, 'whenever such error has or probably *Page 914 
has adversely affected the substantial right of the [defendant],' in the same manner as if defendant's counsel had preserved and raised such error for appellate review."
Ex parte Johnson, 507 So.2d 1351, 1356 (Ala. 1986). For plain error to exist in the Batson context, the record must raise an inference that the state engaged in "purposeful discrimination" in the exercise of its peremptory challenges. See Ex parteWatkins, 509 So.2d 1074 (Ala.), cert. denied, 484 U.S. 918,108 S.Ct. 269, 98 L.Ed.2d 226 (1987).
The record shows that the state exercised 7 of its 18 (39%) peremptory challenges to remove 7 of the 9 (78%) black venirepersons. The appellant struck one black, and one black served on the jury. Thus, the record is sufficient to raise an inference of discrimination. See Branch, 526 So.2d at 622, 623 (wherein the court noted that "[a] pattern of strikes against black jurors on the particular venire; e.g., 4 of 6 [(67%)] peremptory challenges were used to strike black jurors" is "illustrative of the type of evidence that can be used to raise the inference of discrimination").
We note that the appellant, who is white, was tried and convicted in 1989, prior to the Supreme Court's holding inPowers v. Ohio, 499 U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411
(1991), that a defendant's "race is irrelevant to [his] standing to object to the discriminatory use of peremptory challenges," id. at ___, 111 S.Ct. at 1373. See also Ex parteBird, 594 So.2d 676 (Ala. 1991) (wherein our supreme court also recognized a white defendant's standing under independent state law grounds). However, the holding of Powers is to be applied retroactively to cases, such as the instant one, pending on direct appeal. See Ex parte Mathis, 594 So.2d 692 (Ala. 1991);Guthrie v. State, 598 So.2d 1013 (Ala.Cr.App. 1991), cert. denied, 598 So.2d 1020 (Ala. 1992).
Therefore, this case is remanded with directions to the trial court to hold a Batson hearing. If the prosecution cannot provide race-neutral reasons for its use of peremptory challenges against black venirepersons, then the appellant must receive a new trial. See Bankhead. The trial court shall take all necessary action within a sufficient period to allow a return to remand to be filed at the earliest possible time and within 60 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court and the trial court's specific findings of fact.
The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this court reserves comment on those issues until the trial court complies with the directions contained in this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.