631 So.2d 1062 (1993)
Willie Floyd LOCKE
v.
STATE.
CR-91-736.
Court of Criminal Appeals of Alabama.
May 7, 1993.
Rehearing Denied July 9, 1993.
Certiorari Quashed February 4, 1994.
*1063 Windell C. Owens, Jack B. Weaver and W. Robert McMillan, Monroeville, for appellant.
James H. Evans, Atty. Gen., and Beth Hughes, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1921588.
TAYLOR, Judge.
The appellant, Willie Floyd Locke, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison.
The appellant argues on appeal that the trial court erred in denying his motion to quash the indictment. Specifically, he contends that Monroe County discriminates against blacks in the selection of the foremen for the grand jury. This very issue, concerning the same county, was recently addressed by this court in Lee v. State, 631 So.2d 1059 (Ala.Cr.App.1993). (Montiel, J., dissenting with opinion). Judge Bowen, writing for the majority, stated:
"The appellant was indicted by a Monroe County grand jury in January 1990. It is undisputed that for the grand juries in Monroe County from 1977 to 1991, only one black (in 1985) and one female (in 1988) served as foreman. There was evidence that from April 1985 through March 1991, 12 different persons were appointed foreman of the grand jury."
In this case, the trial court took judicial notice of the facts presented in Lee. The statistics as quoted above in Lee also apply to this case. The only difference between the two is that the appellant in this case was indicted by the March 1991 grand jury of Monroe County; Lee was indicted by the January 1990 grand jury. The foreman of the grand jury that indicted the appellant was a white male.
"In Johnson v. Puckett, 929 F.2d 1067, 1071-72 (5th Cir.), cert. denied, [___] U.S. [___], 112 S.Ct. 274, 116 L.Ed.2d 226 (1991), the Fifth Circuit Court of Appeals held that the petitioner had proven that the grand jury foreman selection process in the county of his conviction violated his right to equal protection where he established 1) that blacks comprised a distinct class capable of being singled out; 2) that the grand jury foreman selection process, in which the circuit judge appointed the foreman on the basis of his own subjective criteria, was subject to abuse; and 3) that in the 20 years prior to the petitioner's conviction, 42 white foremen had been chosen while no black had been chosen to serve as foreman, even though the population of the county was 43% black.
"`The injury to equal protection caused by racial discrimination in the selection of members of a grand jury "is not limited to the defendantthere is injury to the jury system, to the law as an institution, to the community at large, and to the processes of our courts." This injury to society as a whole, as well as the stigmatization and prejudice directed against a distinct group, exists regardless of the grand jury foreman's authority or of the composition of the grand jury as a fair cross-section of the community, or their effect on the fundamental fairness of the judicial process. The due process analysis contained in Hobby [v. United States, 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984)], is simply inapplicable to a claim of violation of equal protection through the discriminatory selection process of a grand jury foreman.
"`. . . .
"`To establish a prima facie case of discrimination in the selection of a grand jury foreman, a petitioner must demonstrate: 1) that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; 2) the degree of underrepresentation by comparing the proportion of the group in the total population to the proportion called to serve as foremen over a significant *1064 period of time; and 3) that the selection procedure is susceptible to abuse or is not racially neutral. This prima facie case may then be rebutted by evidence that objective, racially neutral criteria were used in the selection process.
"`Johnson has unquestionably satisfied the first and third prongs of this test. Blacks comprise a distinct class capable of being singled out for different treatment under the laws. The grand-jury-foreman-selection process in Panola County, [Mississippi,] in which the circuit judge appoints the foreman on the basis of his own subjective criteria after having access to data concerning the race and sex of the grand jury panel member, is subject to abuse.
"`. . . .
"`... The plain facts are that between 1959 and 1975, 32 grand jury foremen were appointed in Panola County, and not one of them was black. The discrimination against black foremen continued through 1979, by which time 42 white foremen had been chosen. While "statistics are not, of course, the whole answer,... nothing is as emphatic as zero." Johnson has demonstrated underrepresentation of blacks as grand jury foremen in Panola County over a significant period of time.
"`We therefore find that Johnson has established a prima facie case of racial discrimination in the selection process of the grand jury foremen in Panola County. We also find that the State failed to rebut this prima facie case. The Supreme Court has held that "affirmations of good faith in making individual selections are insufficient to dispel a prima facie case of systematic exclusion." This court has required that testimony rebutting a prima facie case of discrimination establish the use of objective, racially neutral selection procedures. The rebuttal testimony offered by the State, by contrast, merely indicates that the judges in Panola County never stated or indicated to the circuit clerk that they selected grand jury foremen based on their race; the testimony neither denies the use of racial criteria nor advances any other objective non-discriminatory criteria used by the judges. This evidence is inadequate to rebut the presumption of discrimination established by petitioner's prima facie case.
"`We conclude that the grand jury selection process in Panola County violated Johnson's right to equal protection under the Fourteenth Amendment. In accordance with the mandates of Rose v. Mitchell, [443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979),] and Guice v. Fortenberry, [661 F.2d 496, 499 (5th Cir. 1981) (en banc),] his conviction must be reversed. The State may choose to reindict him for the same crime.'
Johnson v. Puckett, 929 F.2d at 1071-73 (footnotes omitted)."
Lee, 631 So.2d at 1060.
The appellant has established a prima facie case of racial discrimination in the selection of the foremen of the grand jury in Monroe County. The appellant has proved that 1) blacks are a distinct class capable of being singled out for different treatment; 2) only one black in Monroe County has served as foreman for the grand jury between the years of 1977 and 1991, even though blacks compose approximately 35% of the population in Monroe County; and 3) that the trial judge, with the advice and consent of the district attorney's office, selects the foreman of the grand jury. This selection process is subject to abuse. The prosecution presented no evidence to rebut the prima facie case of discrimination established by the appellant.
The trial court erred in denying appellant's motion to quash the indictment. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion. As this court stated in Lee, ___ So.2d at ___, "The State may choose to reindict him for the same crime."
REVERSED AND REMANDED.
All the Judges concur except MONTIEL, J., dissents with opinion.
*1065 MONTIEL, Judge, dissenting.
I dissent for the same reasons expressed in my dissent in Lee v. State, 631 So.2d 1059 (Ala.Crim.App.1993).