631 So.2d 1059 (1993)
Delester LEE
v.
STATE.
CR 91-294.
Court of Criminal Appeals of Alabama.
March 5, 1993.
Rehearing Denied May 7, 1993.
Certiorari Quashed February 4, 1994.
Melissa A. Posey, Mobile, for appellant.
James H. Evans, Atty. Gen., and Stephen Dodd, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1921239.
BOWEN, Presiding Judge.
Delester Lee, the appellant, was convicted for the capital murder/robbery of Harold Stabler. He was sentenced to life imprisonment without the possibility of parole in accordance with the recommendation of the jury. We address only one issue raised by the appellant on this appeal from that conviction.
The appellant argues that the trial court committed error in denying his motions to quash the indictment based on alleged racial discrimination in the selection of the foremen of the grand jury.
*1060 The appellant was indicted by a Monroe County grand jury in January 1990. It is undisputed that for the grand juries in Monroe County[1] from 1977 to 1991, only one black (in 1985) and one female (in 1988) served as foreman. CR. 548, R. 394. There was evidence that from April 1985 through March 1991, 12 different persons were appointed foreman of the grand jury. R. 548. That same document shows that C.W. Boone (a white male and the foreman of the jury that indicted the appellant) was appointed twicein September of 1989 and in January of 1990. CR. 548 The appellant also introduced uncontradicted evidence that the foreman is selected by the circuit judge "with the advice and consent of the District Attorney." R. 418.
In Johnson v. Puckett, 929 F.2d 1067, 1071-72 (5th Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991), the Fifth Circuit Court of Appeals held that the petitioner had proven that the grand jury foreman selection process in the county of his conviction violated his right to equal protection where he established 1) that blacks comprised a distinct class capable of being singled out; 2) that the grand jury foreman selection process, in which the circuit judge appointed the foreman on the basis of his own subjective criteria, was subject to abuse; and 3) that in the 20 years prior to the petitioner's conviction, 42 white foremen had been chosen while no black had been chosen to serve as foreman, even though the population of the county was 43% black.
"The injury to equal protection caused by racial discrimination in the selection of members of a grand jury `is not limited to the defendantthere is injury to the jury system, to the law as an institution, to the community at large, and to the processes of our courts.' This injury to society as a whole, as well as the stigmatization and prejudice directed against a distinct group, exists regardless of the grand jury foreman's authority or of the composition of the grand jury as a fair cross-section of the community, or their effect on the fundamental fairness of the judicial process. The due process analysis contained in Hobby [v. United States, 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984), is simply inapplicable to a claim of violation of equal protection through the discriminatory selection process of a grand jury foreman.
". . . .
"To establish a prima facie case of discrimination in the selection of a grand jury foreman, a petitioner must demonstrate: 1) that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; 2) the degree of underrepresentation by comparing the proportion of the group in the total population to the proportion called to serve as foremen over a significant period of time; and 3) that the selection procedure is susceptible to abuse or is not racially neutral. This prima facie case may then be rebutted by evidence that objective, racially neutral criteria were used in the selection process.
"Johnson has unquestionably satisfied the first and third prongs of this test. Blacks comprise a distinct class capable of being singled out for different treatment under the laws. The grand-jury-foreman-selection process in Panola County, [Mississippi,] in which the circuit judge appoints the foreman on the basis of his own subjective criteria after having access to data concerning the race and sex of the grand jury panel members, is subject to abuse.
". . . .
"... The plain facts are that between 1959 and 1975, 32 grand jury foremen were appointed in Panola County, and not one of them was black. The discrimination against black foremen continued through 1979, by which time 42 white foreman had been chosen. While `statistics are not, of course, the whole answer, ... nothing is as emphatic as zero.' Johnson has demonstrated underrepresentation of blacks as grand jury foremen in Panola County over a significant period of time.

*1061 "We therefore find that Johnson has established a prima facie case of racial discrimination in the selection process of the grand jury foreman in Panola County. We also find that the State failed to rebut this prima facie case. The Supreme Court has held that `affirmations of good faith in making individual selections are insufficient to dispel a prima facie case of systematic exclusion.' This court has required that testimony rebutting a prima facie case of discrimination establish the use of objective, racially neutral selection procedures. The rebuttal testimony offered by the State, by contrast, merely indicates that the judges in Panola County never stated or indicated to the circuit clerk that they selected grand jury foremen based on their race; the testimony neither denies the use of racial criteria nor advances any other objective non-discriminatory criteria used by the judges. This evidence is inadequate to rebut the presumption of discrimination established by petitioner's prima facie case.
"We conclude that the grand jury selection process in Panola County violated Johnson's right to equal protection under the Fourteenth Amendment. In accordance with the mandates of Rose v. Mitchell, [443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979),] and Guice v. Fortenberry, [661 F.2d 496, 499 (5th Cir.1981) (en banc),] his conviction must be vacated. The State may choose to reindict him for the same crime.
Johnson v. Puckett, 929 F.2d at 1071-73 (footnotes omitted).
The prosecutor raised the question of "what relevance is it whether the foreman was black or white in terms of discrimination because the Court is well aware of the foreperson's role in the grand jury process, and that is that they can issue subpoenas, can swear the witnesses. And other than that, they have a vote and that's all." R. 416-17. This inquiry was not pursued by defense counsel who stated, "We would say that a grand jury foreperson has a much greater (inaudible)in this State," (R. 417) and continued with his examination of the circuit clerk. The argument that a black defendant's due process rights were not violated because the grand jury foreman's responsibilities were largely ministerial was rejected in Johnson, 929 F.2d at 1071.
This Court takes judicial notice that Monroe and Conecuh Counties constitute the 35th Judicial Circuit in Alabama, and that the trial judge in this case was (and still is) the only circuit court judge in that judicial circuit. In response to the appellant's allegations of discrimination in the selection of grand jury foreman, the trial judge stated:
"I'll state for the record this court has never had a discriminatory purpose in selecting grand jury forepersons and did not have such a purpose when I selected C.W. Boone [the foreman of the grand jury that indicted the appellant]. And the Court has selected both women and blacks to serve as the grand jury foreperson in this [judicial] circuit in the past and will continue to do so.
"The court apparently hasn't done so in Monroe County, but, has in Conecuh. And it just depends on who all is selected at random for the grand jury, who the court feels would be an appropriate person to be the foreman or forewoman." R. 435-36.
A very similar type of foreman selection procedure was found to be "susceptible to abuse" in Guice v. Fortenberry, 661 F.2d 496, 505 (5th Cir.1981).
Based on the evidence presented in this case, we conclude that the appellant has established a prima facie case of racial discrimination in the selection process of the grand jury foreman in Monroe County, and that the State has failed to rebut that prima facie case. Here, the appellant established 1) that blacks are a distinct class capable of being singled out; 2) that the grand jury foreman selection process was that the circuit judge, with the advice and consent of the district attorney, appointed the foreman on the basis of his own subjective criteria, and that that process, by its very nature, was subject to abuse; and 3) that in the past 14 years only one black had been appointed foreman, even though blacks composed 30% of the county residents potentially available for jury duty, even though blacks composed 35% of the county population over the age of *1062 18 years in 1990, and even though as many as 28[2] white grand jury foremen (including one woman) may have been appointed during those 14 years. In rebuttal of that prima facie case, the prosecutor presented no evidence. On appeal, the State did address the issues of racial discrimination in the selection of the grand and petit juries but failed to address the specific issue of racial discrimination in the selection of the grand jury foreman.
The evidence in this case is conclusive that the appellant has presented a prima facie case, which the State has failed to rebut, of racial discrimination in the selection of the grand jury foreman. The appellant's conviction must be vacated. The State may choose to reindict him for the same crime.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TAYLOR, PATTERSON and McMILLAN, JJ., concur.
MONTIEL, J., dissents with opinion.
MONTIEL, Judge, dissenting.
I disagree from the majority's holding that "[t]he evidence in this case is conclusive that the appellant presented a prima facie case, which the State failed to rebut, of racial discrimination in the selection of the grand jury foreman." Assuming for the sake of argument that the appellant established a prima facie case of racial discrimination, I believe that the State sufficiently rebutted the prima facie case. The trial court testified that it "never had a discriminatory purpose in selecting grand jury forepersons and did not have such a purpose when I selected C.W. Boone [the foreman of the grand jury which indicted the appellant]." Judges are presumed to know and to follow the law and the trial court here stated that it did not use discriminatory reasons in its selection of grand jury foremans. For this reason, I dissent.
NOTES
[1] The appellant was convicted by a jury in Monroe County on June 20, 1991. The case was transferred to Conecuh County for sentencing after the trial judge recused himself on July 10, 1991.
[2] This figure is arrived at as follows: The undisputed evidence was that only one black served as grand jury foreman from 1977 to 1991. There was evidence at trial that 12 different persons were appointed foreman during the years 1985 through March of 1991. One of those 12 (in 1985) was a black man. Ala.Code 1975, § 12-16-190(a), states, in pertinent part, that "[t]here shall be empaneled in every county having less than 50,000 population not less than two grand juries in every year." Assuming two grand juries were empaneled in Monroe County every year from 1977 through 1984 and a different foreman were appointed for each grand jury, 16 foreman served during those eight years. Consequently, it is possible that 28 foremen were appointed from 1977 to 1991. Of those 25, one was a white woman and one was a black man.