The appellant pleaded guilty to unlawfully distributing a controlled substance — cocaine — in violation of §13A-12-211, Code of Alabama 1975. The trial court adjudicated the appellant guilty and sentenced him to seven years in prison. The appellant now appeals his conviction.
 I
The appellant initially contends that his guilty plea was not voluntary. Specifically, he contends that the trial court erred in failing to inform him of the minimum sentence he could receive if he pleaded guilty.
Reviewing the record, we cannot find where the appellant objected at the trial proceedings, moved for a new trial, or moved to withdraw his guilty plea because he was uninformed of the minimum sentence he could receive. Therefore, the appellant has failed to preserve this issue for review. Cantu v. State, [Ms. 1920426, October 15, 1993];* Parish v. State, [Ms. CR-90-1285, April 23, 1993] 1993 WL 124790 (Ala.Cr.App. 1993);**Bennefield State, 552 So.2d 188 (Ala.Cr.App. 1989).
Even if this issue had been preserved, it would still be determined adversely to the appellant. Our review of the record shows that the Ireland[1] form the appellant signed at the plea hearing on August 16, 1993, was incorrect. The form stated that the appellant faced a minimum sentence of 2 years and a maximum sentence of 20 years in prison. When the appellant signed theIreland form, the trial judge was not aware that the state intended to invoke the school yard enhancement statute. §13A-12-250, Code of Alabama 1975. At sentencing, the state informed the court that the probation report stated that the sale of cocaine had occurred within three miles of a school yard and offered the substantiating testimony of the arresting officer. The trial judge sentenced the appellant to seven years' imprisonment, *Page 1301 
the minimum sentence the appellant could have received for this offense after the mandatory five-year enhancement was added to the sentence pursuant to the school yard enhancement statute.
When the appellant pleaded guilty, he was incorrectly informed of the minimum sentence he could receive. However, the appellant failed to preserve this issue for our review. He could have objected at sentencing, moved to withdraw his plea, or presented this issue in a motion for a new trial. This is an appellate court only. Saffold v. State, 627 So.2d 1107
(Ala.Cr.App. 1993). We will not consider matters that have not been presented to the trial court. Harris v. State,420 So.2d 812 (Ala.Cr.App. 1982). The remedy for this error, if any, is in the nature of coram nobis relief under Rule 32, A.R.Crim.P.
 II
The appellant also contends that the indictment was invalid. He contends that the foreperson who sat on the grand jury that returned the indictment against him was selected in a racially discriminatory fashion.
 "To establish a prima facie case of discrimination in the selection of a grand jury foreman, a petitioner must demonstrate: 1) that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; 2) the degree of underrepresentation by comparing the proportion of the group in the total population to the proportion called to serve as foreman over a significant period of time; and 3) that the selection procedure is susceptible to abuse or is not racially neutral. This prima facie case may then be rebutted by evidence that objective, racially neutral criteria were used in the selection process. Johnson v. Puckett, 929 F.2d 1067, 1071-1073 (5th Cir.), cert. denied, [___] U.S. [___], 112 S.Ct. 274, 116 L.Ed.2d 226 (1991)."
Lee v. State, 631 So.2d 1059, 1060 (Ala.Cr.App. 1993). (Montiel, J., dissenting). See also Locke v. State,631 So.2d 1062 (Ala.Cr.App. 1993). If a defendant is successful in meeting the requirements set out in Lee, supra, and the state is unsuccessful in rebutting the defendant's evidence, then this court is required to reverse the judgment of the trial court and remand the cause to the trial court. The state may then choose to reindict the defendant for the same crime. Lee, 631 So.2d at 1061.
However, the record shows that the appellant did not present this issue to the trial court. The first time this issue was raised was in the appellant's brief to this court.
This court in Prim v. State, 616 So.2d 381 (Ala.Cr.App. 1993), stated, "[I]nvidious discrimination in the selection of the grand jury is not a 'jurisdictional,' defect and in the event discrimination is shown, the indictment is voidable, but not void." Prim, 616 So.2d at 382. This court further stated inPrim, as in many other cases, the fundamental principle that, "by pleading guilty, a defendant waives all nonjurisdictional defects occurring before the plea." Prim, 616 So.2d at 382. The appellant waived this issue when he entered his guilty plea.
 III
The appellant next contends that the trial court erred during the sentencing phase of his trial. Specifically, he contends that the trial court erred when it sentenced him to seven years in prison, because, he says, the state had failed to present sufficient evidence to enhance the appellant's sentence pursuant to Alabama's school yard enhancement statute, §13A-12-250, Code of Alabama 1975.
This issue was waived by the appellant's failure to object to the imposition of this statute during the sentencing phase and by his failure to raise any question as to its imposition by any procedure in the circuit court. The appellant must specifically raise an issue regarding sentencing in the trial court before this court will consider it on appeal. Garrick v.State, 589 So.2d 760 (Ala.Cr.App. 1991).
Further, our review of the record shows that the state called as a witness, Sheriff Robert Rinehart of Bibb County, who testified that the appellant had sold the cocaine, the subject matter of this case, within a three-mile radius of a school, as described *Page 1302 
in § 13A-12-250, Code of Alabama 1975. Sheriff Rinehart testified that the sale of cocaine occurred in a neighborhood that was located within one and one-half miles of a high school and of an elementary school. This evidence was sufficient to prove that the sale occurred within three miles of a school.Grider v. State, 600 So.2d 401 (Ala.Cr.App. 1992), cert. denied, 600 So.2d 404 (Ala. 1992).
 IV
Last, the appellant contends that the trial court erred in denying his motion to supplement the record on appeal. Specifically, he contends that he should have been allowed to supplement the record to include the guilty plea colloquy and evidence allegedly showing that the grand jury foreperson was chosen in a discriminatory manner.
The record was supplemented with the guilty plea colloquy, hence this part of the appellant's contention has no merit. Further, the record shows that the trial court denied the appellant's motion to supplement the record with the evidence concerning the grand jury because the appellant was attempting to present on appeal an issue that was not presented to the trial court. Rule 10(g), A.R.App.P., does not allow the appellant to raise on appeal matters that were not raised initially in the trial court. See Richburg v. Cromwell,428 So.2d 621 (Ala. 1983); Hollins v. State, 415 So.2d 1249
(Ala.Cr.App. 1982). The trial court properly denied the appellant's motion.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
* Reporter of decisions' note: The Alabama Supreme Court on April 15, 1994, withdrew its October 15, 1993, opinion in Cantu
and substituted another one, 1994 WL 129749.
** Reporter of decisions' note: On April 15, 1994, the Alabama Supreme Court issued an opinion on certiorari review, reversing the judgment of the Court of Criminal Appeals in Parish. SeeParish v. State, [Ms. 1921181] 1994 WL 128995 (Ala. 1994).
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).