TAYLOR, Presiding Judge.
The appellant, Rose Porterfield Inmin, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. She was sentenced to five years in the penitentiary.
The state’s evidence tended to show that on February 18, 1993, the appellant and her husband stole approximately $70,000 in cash from the home of Cecil Henderson, the appellant’s uncle. Henderson testified that the appellant and her husband came to stay with him for about three days in February 1993. He stated that he kept over $70,000 in $100 bills in a locked trunk in his bedroom. He said that he had checked the trunk a few days before the theft to put some money in it and that at that time it had not been disturbed. Henderson stated he had received the money from the sale of family land and for selling gourds he had planted on his land. Furthermore, he said he received a monthly Social Security check and a monthly SSI check for his son J.C. who was retarded and lived with him.
On February 18, 1993, the appellant drove Henderson to the grocery store, leaving her husband at Henderson’s house. The only other person there was Henderson’s son J.C. Henderson testified that when they returned from the grocery store, the appellant and her husband decided to leave town almost immediately. Later that day, Henderson discovered the trunk had been broken into and that his money had been stolen. He reported the theft to the Houston County Sheriffs Department.
Investigator Eddie Ingram of the Houston County Sheriffs Department testified that he investigated the theft. Ingram stated that there was no evidence of a forced entry into the Henderson’s house. However, the lock on the trunk had been pried open. Ingram testified that he was not able to get any fingerprints off of the trunk or off of any of the items in the trunk. Ingram further testified that he had known Henderson all of his life. He stated that Henderson was known as a “miser” who lived very modestly and was known to keep large amounts of cash in his house. He testified that on a previous occasion he had personally seen $35,000 in cash at Henderson’s house.
Hazel Henderson, Henderson’s former daughter-in-law, testified that before the theft the appellant was bragging that she had *154 seen Henderson with a big wad of cash in the bib of his overalls.
The appellant raises two issues on appeal.
I
The appellant contends that the trial court erred in denying her motion for a judgment of acquittal. More specifically, she contends that the state presented insufficient evidence and only circumstantial evidence to prove that she committed or participated in a theft of property in the first degree.
“In determining whether there is sufficient evidence to support the verdict of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillicm v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.), cert. denied, 368 So.2d 877 (Ala.1979).
Underwood v. State, 646 So.2d 692, 695 (Ala. Cr.App.1993).
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every rear sonable hypothesis of guilt, but whether a jury might reasonably so conclude."
Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.), cert. denied, 368 So.2d 877 (Ala.1979). (Emphasis added.)
“1 “Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant’s guilt is a question for the jury and not the court.” Our function is not to be factfinders, however tempting that may sometimes be. We must not substitute ourselves for jurors, nor play their role in the criminal process. Jury verdicts should not be disturbed unless they are not based upon evidence sufficient to meet the test set out above.’ ”
Parker v. State, 589 So.2d 773, 776 (Ala.Cr.App.1991). (Citations omitted; emphasis added.), quoting Linzy v. State, 455 So.2d 260, 262 (Ala.Cr.App.1984).
The circumstantial evidence presented by the state was sufficient for the jury to find the appellant guilty of participating in theft in the first degree. The appellant knew that Henderson kept large amounts of money in his house. Henderson discovered that the trunk had been broken into and the cash was missing very soon after the appellant and her husband left town. The appellant’s husband was the only one at Henderson’s house, other than J.C., while the appellant took Henderson to the store. The jury could have concluded that the evidence presented by the state excluded every reasonable hypothesis but guilt. We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App.1992).
II
The appellant also contends that the trial court erred by denying her motion for a new trial. Specifically, she contends that her trial counsel was ineffective because he did not move to dismiss her indictment.
Between the issuance of the indictment and the trial, the presiding circuit judge in Houston County issued an order declaring that the method of selecting grand jury forepersons in Houston County was unconstitutional based on the holdings of this court in Lee v. State, 631 So.2d 1059 (Ala.Cr.App.1993), and Locke v. State, 631 So.2d 1062 (Ala.Cr.App.1993). The order stated that all attorneys with criminal cases pending in circuit court should discuss the order with their clients and file motions to dismiss the indictments, if desired.
At the appellant’s hearing on her motion for a new trial, the appellant’s trial counsel testified that he discussed this option with her. However, she told him she wanted to get to trial as soon as possible because she had been in jail several months awaiting trial. Filing a motion to dismiss the indictment would have delayed her trial because *155 she would have had to have been reindicted. Therefore, she told him not to file the motion. The appellant now claims that the performance of her trial counsel was ineffective. Not so.
To prevail on a claim of ineffective assistance of counsel, a party must show: 1) that counsel’s performance was deficient, and 2) that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There are several reasons why counsel’s performance was not ineffective. Under the doctrine of invited error, the appellant cannot allege as error proceedings in the trial court that were invited by her or that were a natural consequence of her own action. Bamberg v. State, 611 So.2d 450, 452 (Ala.Cr.App.1992). The decision not to file the motion was a matter of trial strategy, which this court will not second-guess. Williams v. State, 641 So.2d 1305, 1307 (Ala.Cr.App.1994). Moreover, the decision was made by the client, not the lawyer. But the bottom line reason is that it did not make any difference. None of the above circumstances would have stopped the prosecution of the appellant for stealing her uncle’s money.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.