ON APPLICATION FOR REHEARING
The opinion issued in this case on May 26, 1995, is hereby withdrawn and the following opinion substituted therefor.
The appellant, Levi Pace, was convicted of murder made capital because the murder was committed during the course of a robbery. See § 13A-5-40(a)(2), Code of Alabama 1975. The jury, by a vote of 11 to 1, recommended that he be sentenced to death. The court followed the jury's recommendation and sentenced the appellant to death by electrocution.
 I
The appellant initially contends on appeal that his due process rights were violated when the prosecution used its peremptory strikes to remove blacks from the jury venire, thus violating the United States Supreme Court's holding inBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
In Batson, the United States Supreme Court held that black prospective jurors could not be struck from a black defendant's jury based solely on their race. The United States Supreme Court extended its decision in Batson to apply to white defendants in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991); to civil cases in Edmonson v. LeesvilleConcrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660
(1991); and to defense counsel in criminal cases in Georgia v.McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). Recently the Alabama Supreme Court held that Batson applies to the striking of white prospective jurors. White ConsolidatedIndustries, Inc. v. American Liberty Insurance Co.,617 So.2d 657 (Ala. 1993). In 1994, the United States Supreme Court extended Batson to apply to gender in J.E.B. v.Alabama, *Page 318 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
The state contends that the Batson objection was not timely and that the error, if any, does not rise to plain error, and that, therefore, this court should affirm the lower court's ruling on the Batson motion.
The record reflects that a Batson objection was not made until after the jury was empaneled. As this court stated inFearn v. City of Huntsville, 568 So.2d 349 (Ala.Cr.App. 1990):
 "Defense counsel made his objection only after a jury had been empaneled and the remainder of the jury venire excused from this case. This issue has not been preserved for review by proper and timely objection. '[I]n order to preserve the issue for appellate review, a Batson objection, in a case in which the death penalty has not been imposed, must be made prior to the jury's being sworn.' Bell v. State, 535 So.2d 210, 212
(Ala. 1988). See also Thomas v. State, 520 So.2d 223, 226 (Ala.Cr.App. 1987); Thornton v. State, 513 So.2d 83, 85-86 (Ala.Cr.App. 1987)."
568 So.2d at 351.
The appellant's Batson objection was untimely, McGruder v.State, 560 So.2d 1137 (Ala.Cr.App. 1989). However, because this case involves the death penalty, this court is obliged to apply the "plain error" doctrine and to search the record for any errors not presented to the trial court or not timely presented. Ex parte Adkins, 600 So.2d 1067 (Ala. 1992). The plain error doctrine is found in Rule 45A, Ala.R.App.P.:
 "In all cases in which the death penalty has been imposed, the court of criminal appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reasons thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."
The plain error analysis has been applied in death penalty cases when counsel has failed to make a Batson objection.Adkins; Guthrie v. State, 616 So.2d 913 (Ala.Cr.App. 1992), on return to remand, 616 So.2d 914 (Ala.Cr.App. 1993).
As this court stated in Rieber v. State, 663 So.2d 985, 991
(Ala.Cr.App. 1994), aff'd, 663 So.2d 999 (Ala. 1995):
 "We note that the appellant did not object on this ground until he filed his amended motion for a new trial. This failure to make a timely Batson objection would have waived this issue on appeal in a noncapital case. Ross v. State, 581 So.2d 495 (Ala. 1991). However, because this is a capital case, any error must be examined in the context of plain error as set out in Rule 45A, A.R.Crim.P."
Before the plain error analysis can come into play in aBatson issue, the record must supply an inference that the prosecution engaged in purposeful discrimination. Ex parteWatkins, 509 So.2d 1074 (Ala.), cert. denied, 484 U.S. 918,108 S.Ct. 269, 98 L.Ed.2d 226 (1987); Rieber.
The record here supplies an inference of discrimination on the part of the state. The record is conflicting as to the number of prospective jurors on the venire. The record of theBatson hearing shows that there were 7 blacks on the 66-member[1]
venire. The state challenged one black for cause, leaving six blacks on the venire. Of those, four were struck by the prosecution. The appellant's jury was composed of 10 whites and 2 blacks. The two alternates were white. The Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3, 5 fn. 1 (Ala. 1994), stated that a "defendant can establish a prima facie case [of discrimination under Batson] solely on the fact that a prosecutor used a large number of his peremptory challenges to strike black veniremembers."
The court, denying the Batson motion, agreed with the state that the motion was untimely. The court also stated, "[A]bout ten and a half percent [of the 66-member venire] were of the black race, and the jury composition here is two of twelve and if percentages are significant, then it's a greater percentage." *Page 319 
The dialogue above shows that the court also based its ruling on the Batson motion on the fact that a greater percentage of blacks sat on the jury than were on the venire. This practice was condemned by the Alabama Supreme Court inThomas.
Before the release of the Alabama Supreme Court's decision in Thomas, this court had consistently held that when a Batson
objection was raised by a black defendant and a greater percentage of blacks had sat on the jury than sat on the venire, no prima facie case of discrimination had been established. Harrell v. State, 571 So.2d 1270 (Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736
(1990). See also Raspberry v. State, 615 So.2d 657
(Ala.Cr.App. 1992); Ashley v. State, 606 So.2d 187 (Ala.Cr.App. 1992);Jones v. State, 603 So.2d 419 (Ala.Cr.App. 1992).
The Alabama Supreme Court in Thomas specifically disapproved of the language this court had consistently relied on inHarrell. The court stated:
 "We disapprove the statement in Harrell II
indicating that '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created,' 571 So.2d at 1271, to the extent that it has been construed to preclude a finding of a prima facie Batson
violation where the attorney engaged in a pattern of striking blacks from the venire. We disapprove this statement in Harrell II as it has been applied in these instances, because such applications prevent a defendant from using a factor indicating
discrimination that was approved in both [Ex parte] Branch, [526 So.2d 609 (Ala. 1987)] and Batson. Such an application was not the court's intent."
Thomas, 659 So.2d at 7. (Emphasis in original).
The appellant also contends on appeal that the state violated Batson by striking most of the females on the venire. As stated above, Batson also applies to gender-based strikes.J.E.B. Although this issue was not presented to the trial court for a ruling, this issue is reviewable by this court under the plain error doctrine.
The record reflects the gender of the prospective jurors. However, the record does not indicate which strikes were made by the prosecution and which were made by the state. Neither does the record show how many strikes the state used against females. There is no evidence of discrimination on the part of the prosecution in striking female prospective jurors.Watkins.
As to the prosecutor's strikes of black prospective jurors, however, under the plain error doctrine we must remand this cause to the Circuit Court for Morgan County so that that court can conduct a Batson hearing. The court is to consider "all relevant circumstances" that could show discrimination or the lack of discriminatory intent. Ex parte Branch,526 So.2d 609 (Ala. 1987). The fact that the jury is composed of a high percentage of the group that is argued to have been excluded is only one factor that the court should consider when determining whether a prima facie case of discrimination exists. If the court finds a prima facie case of discrimination then the court should require the state to give its reasons for striking the black prospective jurors and proceed as directed byBranch. The trial court should file with this court its written findings of fact and conclusions of law.
 II
The appellant also contends that the trial court erred in not holding a hearing on his motion to dismiss the indictment based on his allegation that the selection of grand jury forepersons in Morgan County was racially discriminatory.
The record reflects that this issue was presented to the trial court, by way of motion, approximately six months after the appellant was arraigned and pleaded not guilty. The court denied the motion without allowing the appellant to present evidence.
Rule 12.9, Ala.R.Crim.P., states:
 "(a) Procedure. The grand jury proceedings may be challenged only by written motion to dismiss the indictment, filed *Page 320 
in the circuit court and alleging grounds therefor.
 "(b) Timeliness. A motion under section (a) of this rule may be filed after an indictment is returned and before arraignment or by such later date as may be set by the court; provided, however, that if counsel is appointed for the first time at arraignment, the court shall give counsel a reasonable time within which to file the motion."
There is no question that the motion was not timely. However, this is a case involving the death penalty and this court is obliged to search the record for plain error. Rule 45A, Ala.R.App.P. Before this court can apply the plain error doctrine, the record must supply an inference of discrimination in the selection of the grand jury forepersons. Cf. Watkins, supra; Rieber, supra (Before this court can apply the plain error analysis in a Batson context, the record must raise an inference of discrimination.)
This court in Lee v. State, 631 So.2d 1059, 1060
(Ala.Cr.App. 1993), and Locke v. State, 631 So.2d 1062
(Ala.Cr.App. 1993), held that in order to establish a prima facie case of discrimination in the selection of grand jury forepersons a petitioner must show:
 " '1) that the group against whom discrimination is asserted is a distinct class, singled out for different treatment; 2) the degree of underrepresentation by comparing the proportion of the group in the total population to the proportion called to serve as foremen over a significant period of time; and 3) that the selection procedure is susceptible to abuse or is not racially neutral.' "
Quoting Johnson v. Puckett, 929 F.2d 1067, 1071 (5th Cir.), cert. denied, 502 U.S. 898, 112 S.Ct. 274, 116 L.Ed.2d 226
(1991).
Here, defense counsel stated for the record that he had witnesses who would testify that 1) blacks composed approximately 11% of the population in Morgan County 2) that the county clerk would testify that in 29 years not one black had been foreperson of a grand jury and that 3) the grand jury forepersons were selected by the district judge with advice from the district attorney's office.
The appellant alleged a prima facie case of discrimination according to Lee and Locke. The court erred in not allowing the appellant to present witnesses to support his allegation. The court is directed to hold a hearing on appellant's motion to dismiss the indictment. If the appellant establishes a prima facie case of discrimination under Lee and Locke, the court is directed to allow the state the opportunity to rebut this prima facie case.
Based on the foregoing, this cause is remanded to the Circuit Court for Morgan County for proceedings not inconsistent with this opinion. Due return should be filed in this court no later than 70 days from the date of this opinion.
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
APPLICATION FOR REHEARING GRANTED;
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] The court, when ruling on the motion, stated that there were 66 members on the venire. The jury venire list shows that there were 56 prospective jurors.