I respectfully dissent. The Alabama Court of Criminal Appeals correctly reversed Pace's capital murder conviction and death *Page 339 
sentence based upon the presence of racial discrimination in the selection of grand jury forepersons in Morgan County. The plurality concludes that although Pace's equal protection rights were violated, this discriminatory process had little if any affect on his due process right to fundamental fairness because "the function of [an Alabama] grand jury foreperson is almost entirely ministerial." 714 So.2d at 336. Therefore, the plurality concludes, the long history of racial discrimination in the selection of grand jury forepersons in Morgan County did not constitute "plain error." I strenuously disagree. A criminal defendant's equal protection rights cannot be violated by a discriminatory practice without also violating the defendant's due process right to fundamental fairness.
The Ala. Const. of 1901, Art. I, § 6, provides in pertinent part:
 "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; . . . and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty or property, except by due process of law; . . . ."
(Emphasis added.)
Pace proved that Morgan County had engaged in a prolonged tradition of racial discrimination in selecting grand jury forepersons.
Under the plain error rule provided for in Rule 39(k), Ala.R.App. P., we will "notice any plain error or defect in the proceeding under review, whether or not [it was] brought to the attention of the trial court, and take appropriate appellate action . . . whenever such error has or probably has adversely affected the substantial rights of the petitioner." See Ex parte McNair, 653 So.2d 353, 360
(Ala. 1994), cert. denied, 513 U.S. 1159, 115 S.Ct. 1121,130 L.Ed.2d 1084 (1995).
The plurality relies on Hobby v. United States, 468 U.S. 339,104 S.Ct. 3093, 82 L.Ed.2d 260 (1984), in holding that discrimination in the selection of a foreperson whose duties are ministerial, in an otherwise properly constituted grand jury, does not violate the Due Process Clause of the United States Constitution and is not "plain error." Although the Court in Hobby described the role of a federal grand jury foreperson, Hobby addressed a context of a due process challenge that was different from that of the constitutional challenge in this case. In Hobby, a white male challenged the under-representation of blacks and women as forepersons. The United States Supreme Court held that discrimination against blacks and women in the selection of a federal grand jury foreperson may violate the right to equal protection but did not violate a white male defendant's due process rights. However, in this case, the defendant, a black male, challenges the under-representation of other blacks as grand jury forepersons in Morgan County.
Additionally, this case is more analogous to Lee v. State,631 So.2d 1059 (Ala.Crim.App. 1993), since, in Lee, a black defendant challenged the under-representation of blacks selected as grand jury forepersons in Monroe County. The Alabama Court of Criminal Appeals held that the criminal defendant's due process rights were violated by racial discrimination in the selection of the grand jury foreperson from a properly constituted Alabama grand jury. The plurality overrules the holding in Lee, stating that the function of an Alabama grand jury foreperson is similar to the ministerial function of a federal grand jury foreperson. However, the function of an Alabama grand jury foreperson is not merely ministerial, as that of a federal grand jury foreperson is. An Alabama grand jury foreperson has an immense impact on grand jurors, as grand jurors look to the foreperson as their leader — and rightly so. Pursuant to Rule 12.5, Ala.R.Cr.P., the influence a grand jury foreperson possesses is evident by the required duties to "preside over the grand jury proceedings and act as the court's representative by maintaining order, administering oaths, excluding unauthorized persons and persons acting in an unauthorized manner, appointing such officers within the grand jury as are necessary for its orderly functioning," and initiating contempt proceedings. Therefore, the authority of an *Page 340 
Alabama grand jury foreperson extends far beyond the strictly clerical duties that a federal grand jury foreperson performs. Therefore, I maintain that Hobby is inapplicable to this case.
In Johnson v. Puckett, the Fifth Circuit Court of Appeals held that a black male defendant's equal protection and due process rights were violated by the discriminatory selection of grand jury forepersons in Panola County, Mississippi. The court reasoned:
 "The injury to equal protection caused by racial discrimination in the selection of members of a grand jury 'is not limited to the defendant — there is injury to the jury system, to the law as an institution, to the community at large, and to the processes of our courts.' This injury to society as a whole, as well as the stigmatization and prejudice directed against a distinct group, exists regardless of the extent of the grand jury foreman's authority or of the composition of the grand jury as a fair cross-section of the community, or their effect on the fundamental fairness of the judicial process. The due process analysis contained in Hobby [v. United States, 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984),] is simply inapplicable to a claim of violation of equal protection through the discriminatory selection process of a grand jury foreman."
Johnson v. Puckett, 929 F.2d 1067 at 1071 (5th Cir. 1991), cert.denied, 502 U.S. 898, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991). (Emphasis added.)
The ministerial duties of a federal grand jury foreperson are insignificant but an Alabama grand jury foreperson possesses significant authority. A grand jury composed of a cross-section of the community will not cure the stigma left by the discriminatory selection of the grand jury foreperson. That discrimination not only casts doubt on our whole judicial system, it perpetuates stereotypes and prejudices, thereby adversely affecting a person's basic right to fundamental fairness.
Given the authority of an Alabama grand jury foreperson, I maintain that if a racially discriminatory practice occurs in the selection of a grand jury foreperson, this discriminatory selection constitutes "plain error." Not only has a miscarriage of justice occurred, but a criminal defendant's due process right to fundamental fairness has been violated.
Because I would hold that the discrimination in the selection of the grand jury foreperson substantially violated Pace's equal protection rights, as well as his due process rights, I would also hold that the Court of Criminal Appeals properly reversed Pace's conviction and quashed his indictment in order to cure these constitutional violations.